John GIBSON, a married man on behalf of himself and his marital community, Plaintiff—Appellant,

v.

KING COUNTY, a municipal corporation of the State of Washington, Defendant—Appellee.

No. 06–35075.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 15, 2007.

Filed Nov. 19, 2007.

**40**

Rosen Law Firm, Seattle, WA, for Plaintiff–Appellant.

Steven H. Winterbauer Esq., Kenneth J. Diamond, Esq., Winterbauer & Diamond, Seattle, WA, for Defendant–Appellee.

Before: CUDAHY *, REINHARDT, and PAEZ, Circuit Judges.

* The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Contrary to the County's assertion, Gibson need not prove that he would have been promoted "but for" his race—i.e., that he was the "clearly superior" candidate. The County misreads *Raad v. Fairbanks North Star Borough Sch. Dist.*, 323 F.3d 1185 (9th Cir.2003), which held that "the plaintiff's superior qualifications *standing alone* [are] enough to prove pretext." *Id.* at 1194 (citing *Odima v. Westin Tucson Hotel*, 53 F.3d 1484, 1492 (9th Cir. 1995)) (emphasis in original). *Raad* did not hold that a plaintiff in a failure-to-promote case is *required* to show that his qualifications are superior.

MEMORANDUM **

John Gibson appeals the district court's award of judgment as a matter of law in favor of King County with respect to his discriminatory failure-to-promote and hostile work environment claims. He also challenges three of the district court's evidentiary rulings. We reverse with respect to the failure-to-promote claim and affirm with respect to the hostile work environment claim. We also conclude that the district court erred with respect to the basis of its decision to exclude Gibson's evidence regarding Dawson's report; however, we cannot determine on the record before us whether that evidence was relevant. On remand, the district court is instructed to determine its relevancy. As to Gibson's remaining two evidentiary challenges, we conclude that the district court did not abuse its discretion.

I.

Viewing the evidence in the light most favorable to Gibson, there was sufficient evidence for a reasonable jury to conclude that race was at least a motivating factor [1]

Rather, Gibson may prove either that he was not promoted "because of" his race ("single-motive") or that race was a "motivating factor" in the County's decision ("mixed-motive"). *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 856 (9th Cir.2002) (en banc), *aff'd* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). In both types of cases, the liability inquiry focuses on the County's motives in not promoting Gibson, not on the candidates' respective qualifications. If Gibson proves that race was the "true motive" behind the decision, the County is liable under a single-motive theory. *Id.* If Gibson proves that race was one of several factors underlying the decision, the County is liable under a mixed-motive theory. *Id.* at 856–57; *see also Metoyer v. Chassman*, 504 F.3d 919, 933–34 (9th Cir.2007). Gibson need not identify in advance which type of case he is attempting to

in the County's decision not to promote him. Where a "person who exhibited discriminatory animus influenced or participated in the decisionmaking process, a reasonable factfinder could conclude that the animus affected the employment decision." *Dominguez–Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1039–40 (9th Cir. 2005); *see also Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1560 (9th Cir.1994) (noting that "even a single person's biases may be relatively influential" where "that person plays a significant role in the selection process"). This rule applies even if the person "never communicated his bias" to the ultimate decisionmaker and the ultimate decisionmaker was not herself biased. *Dominguez–Curry*, 424 F.3d at 1040. Moreover, even when the ultimate decisionmaker independently reviewed the candidates' qualifications, if she relied on the recommendation of a person who has exhibited discriminatory animus, her decision did not "start from a clean slate." *Winarto v. Toshiba Am. Elec. Components, Inc.*, 274 F.3d 1276, 1284 (9th Cir. 2001).

■ Here, the Interim Assistant Fire Marshal and the Fire Marshal both participated in the promotion process, and the Fire Marshal gave the recommendation upon which Warden relied in making her decision. Their comments to and treatment of Gibson, if read in the light most favorable to him, suggested that discrimination was a motivating factor that influenced the promotion decision. Specifically, the fact that the Fire Marshal failed to inform Gibson about the final interview although he had informed the white candidate; that the Fire Marshal accompanied all the other fire inspectors on investigations to assess their performance, but did

not likewise accompany Gibson; that the Fire Marshal told Gibson he was "more comfortable" with the white candidate being promoted; and that the Interim Assistant Fire Marshal told Gibson he was "different" and therefore could not serve as acting Assistant Fire Marshal, are all evidence tending to show racial animus against Gibson on the part of two integral participants in the promotion process.

This is especially true given that the investigation unit had employed no blacks other than Gibson in over twenty years, the DDES had employed no black supervisors for at least two years prior to Gibson's resignation, and the interview panels assembled by the Fire Marshal contained no racial minorities. *See McGinest v. GTE Service Corp.*, 360 F.3d 1103, 1123 (9th Cir.2004) ("[T]he absence of black supervisors and managers in the workplace[ ] . . . is circumstantial evidence of pretext."); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (stating that an employer's "general policy and practice with respect to minority employment" constitutes evidence of pretext).

Moreover, the County's decisionmaking process was highly subjective. Although "[t]he use of subjective factors to evaluate applicants for hire or promotion is not illegal per se," *Jauregui v. City of Glendale*, 852 F.2d 1128, 1135 (9th Cir.1988), "subjective practices are particularly susceptible to discriminatory abuse and should be closely scrutinized." *Id.* at 1136 (quoting *Atonio v. Wards Cove Packing Co., Inc.*, 810 F.2d 1477, 1481 (9th Cir. 1987) (en banc)) (internal quotation mark omitted). Here, Warden testified that she believed that the white candidate was more qualified for the promotion because

prove; rather, the district court will determine the appropriate standard on which to instruct the jury upon deciding "what legal

conclusions the evidence could reasonably support." *Costa*, 299 F.3d at 856.

she "felt, based on the interviews that [they] conducted, that [he] had much stronger leadership skills than" Gibson. Gibson's leadership skills were never formally evaluated, however, and when there were two opportunities to do so—when twice there was a need to appoint an acting Assistant Fire Marshal—the County declined to appoint Gibson, even though he expressly requested the chance to fill the role on the second occasion. *Compare Warren v. City of Carlsbad,* 58 F.3d 439, 443 (9th Cir.1995) (noting skepticism regarding City's claim that it did not promote Mexican firefighter to Fire Chief based on a "subjective evaluation of [his] communication skills," where the firefighter was "never evaluated formally on his ability to work with people").

■ We conclude that, viewing the evidence in the light most favorable to Gibson, there was sufficient evidence for a reasonable jury to find that Gibson's race was at least a motivating factor in the County's decision not to promote him. Accordingly, we reverse the district court's grant of judgment as a matter of law as to Gibson's discriminatory failure-to-promote claim and remand that claim for a new trial. We affirm the district court's grant of judgment as a matter of law as to Gibson's hostile work environment claim, as Gibson failed to show that he was "subjected to [unwanted] verbal or physical conduct of a racial ... nature" that was "sufficiently severe or pervasive to alter the condition's of [his] employment." *Vasquez v. County of Los Angeles,* 349 F.3d 634, 642 (9th Cir.2003).

## II.

Gibson also challenges three of the district court's evidentiary rulings.

*1. Dawson's report.* The district court concluded that the evidence regarding the changes to Dawson's report was not rele-vant to Gibson's failure-to-promote claim because those changes occurred long after the promotion process. Gibson was not, however, required to show that the evidence was relevant to the ultimate question whether or not there was discrimination in the promotion process. *See New Jersey v. T.L.O.,* 469 U.S. 325, 345, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985) ("[E]vidence, to be relevant to an inquiry, need not conclusively prove the ultimate fact in issue...."). Rather, he simply had to show that the evidence would make more probable "the existence of *any* fact that is of consequence to the determination." Fed.R.Evid. 401 (emphasis added).

■ Whether an employer's stated reasons for not promoting a black employee are pretextual is a "fact that is of consequence to the determination" of a race discrimination suit. *See McDonnell Douglas,* 411 U.S. at 804–05, 93 S.Ct. 1817 (describing types of "evidence that may be relevant to [a] showing of pretext"). If the County exerted undue pressure on Dawson or otherwise influenced her to change her report's conclusions, such evidence would be relevant to the question of pretext. On retrial, the district court should determine whether the proffered evidence is relevant to "any fact that is of consequence to the determination" of the case.

■ *2. Co-worker testimony.* The district court stated that Gibson's offer of proof regarding co-worker testimony was not "sufficiently detailed to show the necessary foundation for admissibility." Gibson had the opportunity to provide a more specific offer of proof, but declined to do so. The district court's exclusion of this evidence was not an abuse of discretion.

*3. Ossewaarde's comments.* Gibson urges that this evidence was relevant to the County's liability for hostile work environment because it would show that the County knew about Ossewaarde's comments but failed to remedy them. The

question whether an employer is liable for a racially hostile environment becomes relevant only if there is first a determination that the environment was in fact hostile. *See Nichols v. Azteca Rest. Enter.*, 256 F.3d 864, 875 (9th Cir.2001). Because Gibson did not meet his burden of proving that a hostile environment existed, evidence concerning how the County responded to Ossewaarde's remark is irrelevant. To the extent Ossewaarde's comment is relevant to the question whether a hostile work environment existed, its exclusion was not prejudicial; it was a single, isolated comment and would not have rendered Gibson's evidence sufficient to survive judgment as a matter of law.

**REVERSED and REMANDED** as to discriminatory failure-to-promote claim; **AFFIRMED** as to hostile work environment claim. Appellant shall recover his costs on appeal.